UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BENJAMIN DENT,<br><br>   Plaintiff,<br><br> v.<br><br>MICHAEL VIEVER, BRYAN G., WARDEN BRIAN WILLIAMS, STATE OF NEVADA, NDOC,<br><br>   Defendants. | Case No. 2:20-CV-00136-GMN-EJY<br><br>**ORDER** |

Before the Court are two emergency requests for appointment of counsel filed by Plaintiff Benjamin Dent. ECF Nos. 7 and 8. These requests were filed on February 20 and 21, 2020, respectively. The requests are virtually identical.[1]

In support of his requests for counsel, Plaintiff argues (1) that his condition causes the right side of his body to swell, including the hand with which he writes, (2) the inmate who helped him draft other motions was moved and is no longer available to assist him, (3) he does not know what the last court order requires of him, and (4) he is afraid he will not get the help he needs. Finally, Plaintiff states he and/or his family has reached out to three different counsel all of whom want to help him.

As a general proposition, a civil litigant has no right to counsel. *Lassiter v. Department of Social Services of Durham County*, 452 U.S. 18 (1981); *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir.1981). A court may under "exceptional circumstances" appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir.2004), *cert. denied sub nom. Gerber v. Agyeman*, 545 U.S. 1128 (2005). When determining whether "exceptional circumstances" exist, a court must consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity

---

[1] Plaintiff fails to comply with the requirements of United States District Court for the District of Nevada Local Rule 7-4. However, under the circumstances, the Court considers the substance of Plaintiff's requests despite this failing.

1

of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir.1983). A plaintiff seeking appointment of counsel must submit information to the Court that describes "the nature of the action, ... the belief that the person is entitled to redress," and "all assets [the person] possesses [showing] that the person is unable to pay ... fees or give security therefor." 28 U.S.C. § 1915(a).

With respect to Plaintiff's ability to pay fees associated with securing counsel, it is noteworthy that he has not filed an application to proceed *In Forma Pauperis*. Nonetheless, Plaintiff states that he has no money to make a phone call, which suggests a substantial lack of funds. Thus, the Court assumes, for purposes of this Order only, that Plaintiff would qualify for *In Forma Pauperis* status were such an application filed. *West v. Brickman*, 07 Civ. 7260(PKC)(DF), 2008 WL 3303773, *1 (S.D.N.Y. Aug. 6, 2008). Therefore, Plaintiff demonstrates he is indigent.

Looking next to whether exceptional circumstances exist, the Court notes that the Ninth Circuit employs a two-prong test when making this determination. Specifically, the Court must evaluate "the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Terrel v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (citation omitted). "Neither of these factors is dispositive and both must be viewed together before reaching a decision on [a] request [for] counsel." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

A review of the record shows Plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983 seeking emergency injunctive relief based on alleged deliberate indifference to medical needs. ECF No. 1-1. It is clear from a review of this original filing, in comparison to Plaintiff's instant filings, that someone assisted Plaintiff with physically writing out this complaint. Nevertheless, the issues presented, the immediate need for physical therapy, are not complex and are presented in a clear manner that will allow the Court to evaluate the claim. In fact, the issues in this case are far more straightforward than in many claims asserting an Eighth Amendment violation.

Plaintiff argues that he was given seven days to file a reply to Defendants' response to his request for emergency injunctive relief, but he does not know what this means. ECF Nos. 7 and 8. However, Plaintiff's lack of legal knowledge does not rise to the level of exceptional circumstance. *Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990) (explaining that prisoner litigants' lack of a legal

education does not constitute "exceptional circumstances"); *Zamaro v. Moonga*, 656 F. App'x 297, 299 (9th Cir. 2016) (explaining that lack of adequate knowledge of "complex legal and medical issues" is not an exceptional circumstance "in light of the legal competence of most prisoners in similar situations."); *Sands v. Lewis*, 886 F.2d 1166, 1169 (9th Cir. 1989) ("the Constitution does not require the elimination of all economic, intellectual, and technological barriers to litigation"). Thus, even if the Court were to assume Plaintiff has a likelihood of success on the merits of his claim, the Court does not find the complexity of the legal issues involved are exceptional. In fact, upon review, the issue appears to be primarily ones of fact. ECF Nos. 1-1 and 5. Plaintiff should be able to respond to what Defendants say are the facts providing either contrary evidence or, at a minimum, an explanation of why Defendants are wrong.

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Emergency Request for Counsel (ECF No. 7) and Emergency Request for Counsel (ECF No. 8) are DENIED. Nothing about his finding precludes one of the counsel Plaintiff named from appearing pro bono for Plaintiff.

IT IS FURTHER ORDERED that the Clerk of Court SHALL send to Plaintiff a blank application to proceed *in forma pauperis* by an inmate as well as the document titled "Information for Filing an Application to Proceed *In Forma Pauperis* by an Inmate Under 28 U.S.C. § 1915."

IT IS FURTHER ORDERED that within forty-five (45) days from the date of this Order, Plaintiff will either (1) file a fully complete application to proceed *in forma pauperis*, on the correct form with the correct financial attachments in compliance with 28 U.S.C. § 1915(a); or (2) pay the full $400 fee for filing a civil action (which includes the $350 filing fee and the $50 administrative fee).

DATED: February 25, 2020

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE