# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | | |
|---|---|---|
| BENJAMIN DENT, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 2:20-cv-00136-GMN-EJY |
| vs. | ) | |
| | ) | **ORDER** |
| MICHAEL VIEVER, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Pending before the Court is Plaintiff Benjamin Dent's Motion for Preliminary Injunction, (ECF No. 29).[1]  Defendants Michael Viever, Gregory Bryan, and Brian Williams (collectively, "Defendants") filed a Response, (ECF No. 5), and Plaintiff filed a Reply, (ECF No. 10).

On March 18, 2020, Plaintiff submitted an Application for Leave to Proceed *in forma pauperis* ("IFP"), (ECF No. 12).  On September 1, 2020, while the IFP was still pending, Plaintiff filed a second Motion for Preliminary Injunction, (ECF No. 16).  Defendants filed a Response, (ECF No. 19), and Plaintiff filed a Reply, (ECF No. 27).  The matter of the filing fee has been temporarily deferred while the Court rules on the Motions for Preliminary Injunction.

Also pending before the Court is Plaintiff's Motion to Take Action, (ECF No. 13), regarding Plaintiff's first Motion for Preliminary Injunction, (ECF No. 29).  The Court declared that Defendants need not respond to the Motion to Take Action. (*See* Order, ECF No. 15).

---

[1] The Complaint was initially received as an exhibit to initiating documents on January 17, 2020. (*See* Compl., Ex. 1 to Receipt of Initiating Documents, ECF No. 1-1).  The same Complaint was docketed as its own entry on October 15, 2020, following the Undersigned's Screening Order, (ECF No. 28).

Also pending before the Court is Defendants' Motion for Clarification regarding Plaintiff's Motion for Preliminary Injunction, (ECF No. 17).

Also Pending before the Court is Defendants' Motion for Leave to File Exhibits to Supplemental Response to Motion for Temporary Restraining Order Under Seal, (ECF No. 25).

For the reasons discussed below, the Court **DENIES** Plaintiff's Motions for Preliminary Injunction.  Further, the Court **DENIES as moot** Plaintiff's Motion to Take Action and Defendants' Motion for Clarification.  The Court **GRANTS** Defendants' Motion for Leave to File Exhibits Under Seal.

I.      **BACKGROUND**

This case arises from Defendants' alleged failure to provide medical treatment to Plaintiff while he is incarcerated at High Desert State Prison. (*See generally* Mot. Prelim. Inj. ("First Mot. P.I."), ECF No. 29).  Plaintiff contends that after receiving leg surgery for compartment syndrome on or about January 6, 2020, his physician prescribed him "intense physical therapy" to better his chances of walking again. (*Id.* at 5); (Resp. Mot. Prelim. Inj. ("Resp.") 2:15, ECF No. 5).  However, Plaintiff alleges that Defendants "refuse to order transport" to physical therapy appointments, and instead, order him to "do exercise" on his own. (First Mot. P.I. at 5).  Plaintiff claims that he is unable to walk and confined to a wheelchair, and that while Defendants provide him with pain medication, they are leaving the underlying issue untreated. (*Id.* at 4).

Defendants claim that the Nevada Department of Corrections approved two visits to an out-of-facility physical therapist for Plaintiff. (Resp. 2:17–21).  On March 27, 2019, Plaintiff was transported to Summerlin Hospital Outpatient Rehabilitation, where he was examined by Rithea Vong ("Mr. Vong"). (*Id.* 2:21–25).  Defendants assert that Mr. Vong provided Plaintiff with a physical therapy regimen that could be completed in his cell two to three times per week for twelve weeks. (*Id.*).  However, the medical records provided by Defendant concerning this

appointment indicate that Mr. Vong additionally prescribed Plaintiff electrical stimulation and manual therapy three times per week for four weeks. (*See* Ex. A to Resp., at 11, ECF No. 6-2).

On May 29, 2020, Plaintiff was transported to a physical therapy appointment at MML Physical Therapy, where he was evaluated by Karen Crawford ("Ms. Crawford"). (*See* Suppl. Resp. Mot. Emergency Inj. ("Suppl. Resp.") 3:6–7, ECF No. 19); (Reply Suppl. Resp. ("Reply") at 1, ECF No. 27).  Plaintiff claims that Ms. Crawford gave him exercises to complete "until we get you back in for your next session." (Reply at 1).  Defendants counter that Ms. Crawford only needed to see Plaintiff one time and gave him a physical therapy regimen that could be completed entirely on his own in his cell. (Suppl. Resp. 3:13–19); (Ex. A to Suppl. Resp., at 3–5, ECF No. 19-2).

## II.    <u>LEGAL STANDARD</u>

Preliminary injunctions are governed by Rule 65 of the Federal Rules of Civil Procedure, which provides that a "court may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1).

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Natural Res. Defense Council,* 555 U.S. 7, 24 (2008).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles,* 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter,* 555 U.S. at 20).  Furthermore, under the Prison Litigation Reform Act ("PLRA"), preliminary injunctive relief must be "narrowly drawn," must "extend no further than necessary to correct the harm," and must be "the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

The Eighth Amendment prohibits the imposition of cruel and unusual punishment and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity, and decency.'" *Estelle v. Gamble,* 429 U.S. 97, 102 (1976).  A prison official violates the Eighth Amendment when he acts with "deliberate indifference" to the serious medical needs of an inmate. *Farmer v. Brennan,* 511 U.S. 825, 828 (1994).  "To establish an Eighth Amendment violation, a plaintiff must satisfy both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference." *Snow v. McDaniel,* 681 F.3d 978, 985 (9th Cir. 2012).

To establish the first prong, "the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Jett v. Penner,* 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotations omitted).  To satisfy the deliberate indifference prong, a plaintiff must show "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Id.*  "Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Id.* (internal quotations omitted).  When a prisoner alleges that delay of medical treatment evinces deliberate indifference, the prisoner must show that the delay led to further injury. *See Shapley v. Nevada Bd. of State Prison Comm'rs,* 766 F.2d 404, 407 (9th Cir. 1985) (holding that "mere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference").

## III.   DISCUSSION

In the present case, Plaintiff seeks injunctive relief "to have [a] chance at walking again in some capacity." (Mot. Prelim. Inj. ("Second Mot. P.I.") at 1, ECF No. 16).  Specifically, Plaintiff alleges that he needs consistent out-of-facility physical therapy and that Defendants refuse to transport him to these appointments. (*See* First Mot. P.I. at 5); (Second Mot. P.I. at 1).

Defendants counter that they need not transfer Plaintiff to out-of-facility appointments because he can complete his physical therapy regimen in his cell. (*See* Resp. 4:4–6); (Suppl. Resp. 4:13–20).

To be granted a preliminary injunction, Plaintiff must first show that he is likely to succeed on the merits of his claim by demonstrating deliberate indifference to a serious medical need. *See Farmer,* 511 U.S. at 828.  The Court fist assesses whether Plaintiff's medical condition is "serious."  Examples of conditions that are "serious" in nature include "an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *McGuckin v. Smith*, 974 F.2d 1050, 1059–60 (9th Cir. 2012); *see also Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (quoting *McGuckin*, and finding that an inmate whose jaw was broken and mouth was wired shut for several months demonstrated a serious medical need).

The Court determines that Plaintiff does demonstrate a serious medical need.  A reasonable doctor would find that the inability to walk would constitute an injury "worthy of comment or treatment" that, in addition, would continue "the existence of chronic and substantial pain."  *See McGuckin*, 974 F.2d at 1059.  Further, confinement to a wheelchair certainly "affects an individual's daily activities." *Id.*

However, even if Plaintiff suffers from a serious medical need, he still must establish Defendants' deliberate indifference.  A prison physician is not deliberately indifferent to an inmate's serious medical need by merely prescribing a different method of treatment than requested by the inmate. *See McGuckin*, 974 F.2d at 1059 (explaining that negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights); *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989) (holding that a difference of opinion regarding the best course of medical treatment does not amount to

deliberate indifference); *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981) (holding that a difference of opinion between a prisoner-patient and medical staff regarding treatment is not cognizable under § 1983). To establish that a difference of opinion has actually risen to the level of deliberate indifference, the inmate "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances" and that the course of treatment was chosen "in conscious disregard of an excessive risk to [the prisoner's] health." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996).

Here, the medical records initially submitted by Defendants indicate that Mr. Vong prescribed Plaintiff physical therapy that would need to be completed out-of-facility, such as electrical stimulation and manual therapy. (*See* Ex. A to Resp., at 11). Nonetheless, Plaintiff has not shown that the first-prescribed therapy is essential to preserve his ability to walk because Ms. Crawford later prescribed a treatment plan that he could complete in his cell. (*See* Ex. A to Suppl. Resp., at 5) (instructing Plaintiff "in the independent performance of a home exercise program").

While an at-home regimen is different than the treatment plan requested by Plaintiff, it is not "medically unacceptable under the circumstances" because a licensed physical therapist provided Plaintiff with an at-home regimen "that addresses the problems and achieve[s] the goals outlined in [Plaintiff's] plan of care." *See Jackson*, 90 F.3d at 332; (Ex. A to Suppl. Resp., at 5). Moreover, the conflict between Plaintiff's request for out-of-facility physical therapy and the provided at-home regimen amounts to a difference of opinion regarding the course of treatment, which does not demonstrate deliberate indifference. *See Sanchez*, 891 F.2d at 242. Therefore, Plaintiff has not met his burden to show he will suffer irreparable harm if he is not transported to out-of-facility physical therapy appointments because the medical evidence in the record suggests that Plaintiff can complete therapy in his cell sufficient to enable him to walk. Accordingly, the Court denies Plaintiff's Motions for Preliminary Injunction.

## IV.   CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Preliminary Injunction, (ECF No. 29), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Preliminary Injunction, (ECF No. 16), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Take Action re Plaintiff's Emergency Request for Injunction, (ECF No. 13), is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Defendants' Motion for Clarification re Plaintiff's Motion for Preliminary Injunction, (ECF No. 17), is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Defendants' Motion for Leave to File Exhibits to Supplemental Response to Motion for Temporary Restraining Order Under Seal, (ECF No. 25), is **GRANTED**.[2]

**DATED** this ___3___ day of November, 2020.

_____
Gloria M. Navarro, District Judge
United States District Court

---

[2] Defendants filed a Motion to File Exhibits Under Seal, (ECF No. 25), asserting that the Declaration of Gregory Bryan, M.D. and Exhibit A to their Supplemental Response, (ECF No. 19), contain Plaintiff's confidential and sensitive medical information. (Mot. Seal 3:4–11, ECF No. 25).  The Court finds that good cause exists to seal these documents and grants Defendants' Motion to File Exhibits Under Seal.